ALVAREZ, PLAINTIFF AND APPELLEE, *v.* RODRÍGUEZ ET AL.,
DEFENDANTS AND APPELLANTS.

APPEAL from the District Court of Humacao in an Action
of Debt.

No. 2010.—Decided April 9, 1920.

EVIDENCE—OBJECTIONS.—After a witness for the plaintiff is permitted to testify
without objection as to a fact which was not very clearly averred in the com-
plaint, objection on that ground to his further testifying as to that fact
comes too late, especially when the complaint was not demurred to for am-
biguity and the question was not otherwise raised before the trial.

ID.—PROMISSORY NOTE.—A promissory note endorsed by the defendant is admis-
sible in evidence in corroboration of testimony that money was delivered to
him secured by the note.

ID.—It is not error to admit in evidence, for proving that the defendant received
certain sums of money from the plaintiff, several receipts issued by the de-
fendant in the name of a person other than the plaintiff, when the defend-
ant testified that he had received from the plaintiff the sums to which the
receipts referred.

The facts are stated in the opinion.

*Mr. F. González Fagundo* for the appellants.

*Mr. R. Martínez Alvarez* for the appellee.

MR. JUSTICE ALDREY delivered the opinion of the court.

In a public instrument of September 24, 1916, Emilio
Alvarez and Juan Rodríguez Márquez made an agreement
that the former should advance to the latter sums totaling
$4,000 to be used in planting and cultivating thirty acres of
tobacco for the crop of 1917; that as soon as the tobacco
was harvested and ready for removal from the sheds it
should be stored for account of Rodríguez in a warehouse
selected by him with notice to Alvarez; that the loan should
be paid with the tobacco harvested and without interest, Ro-
dríguez Márquez agreeing to sell to Alvarez all of the tobacco
grown on the said thirty acres of land at the market prices
prevailing from April 1 to May 31, 1917, but if for any reason
they could not agree upon the price, Rodríguez, with the
previous written consent of Alvarez, might sell his tobacco
to any other person, in which case Rodríguez should pay to

Alvarez three dollars for each quintal of the tobacco grown under cover and one dollar for each quintal of the tobacco grown without cover, it being understood that such payment should be a compensation for any damages which Alvarez might suffer by failure to receive the tobacco, and Rodríguez further agreed to pay any balance due on the loan, together with interest at twelve per cent annually, at the time of selling the tobacco. It was agreed also that in any event Rodríguez Márquez should liquidate and pay the loan on May 31, 1917, this being the date fixed for the maturity of the debt for all legal purposes. As security for the loan up to the sum of $4,000, the interest thereon at the rate of 12 per cent annually, the compensation agreed on and the sum of $300 to cover costs, disbursements and attorney fees in case of suit, Rodríguez Márquez and his wife, Juana Alverio, created a first mortgage on two urban properties belonging to them.

In another instrument of January 17, 1917, it was stipulated that as Rodríguez had exhausted the loan of $4,000 provided for under the former contract, Alvarez gave him an additional credit of $2,500 under the same conditions and others not now in point, and as security therefor he and his wife created a second mortgage on their two urban properties for the principal and interest at twelve per cent annually, and $200 for costs, disbursements and attorney fees.

In June, 1917, Emilio Alvarez sued the said spouses on the foregoing contracts to recover the sum of $8,177.15, together with interest thereon at 12 per cent and $500 for costs, disbursements and attorney fees, alleging that on different dates he had advanced to Rodríguez the original loan of $4,000 and the additional loan of $2,500, adding the following:

"12. That the plaintiff advanced to the defendant different amounts on account of the aforesaid loans, leaving a total due to the plaintiff of $8,177.15.

"13. That the plaintiff and defendants having failed to agree in

regard to the price of the tobacco, and the date fixed for the maturity of the total indebtedness together with interest, namely, May 31, 1917, having passed, the plaintiff demanded of the defendants payment of both loans with interest and the defendants refused and still refuse to pay."

The defendants admitted all the allegations of the complaint except the two clauses quoted, and by way of defense set up that, as provided in the contracts embodied in the instruments, they delivered to the plaintiff on April 21 and May 19 and 29, 1917, certain specified quantities of tobacco, stating the market quotations on the said dates, the value of which amounted to $7,192.06; that on March 18, 1917, they gave to the plaintiff on account a promissory note for $1,200 signed by Francisco Jiménez Lajara and Francisco Jiménez Díaz, due on May 31, 1917, thereby paying to the plaintiff the $6,500, the amount of the loans contracted for in the two instruments, wherefore they prayed that the complaint be dismissed with costs, disbursements and attorney fees.

Judgment having been rendered as prayed for by the plaintiff, the defendants took the present appeal.

In testifying at the trial the plaintiff said that he made the original contract with Rodríguez for $4,000; that the money was not enough and they made another contract for a further loan of $2,500, which he also delivered, and he continued giving him money and Rodríguez gave him a note for $1,200 and he gave him more money; that he made him three loans, the first for $4,000 and the second for $2,500. His attorney then questioned him regarding the third loan and the defendants objected on the ground that the complaint contains no allegation regarding a third loan. Plaintiff's attorney contended that in clause 12 it is alleged that various sums were paid, leaving a total of $8,177.15 in favor of the plaintiff. The lower court allowed the witness to answer the question and the appellants now maintain as one

of the grounds of their appeal that this ruling of the court was erroneous.

As a matter of fact the complaint does not clearly set up a third loan, for although it may apparently be deduced from the wording of the twelfth allegation that there was a third loan, inasmuch as the plaintiff delivered to the defendants sums in excess of the loans of $4,000 and $2,500, since it is averred that the plaintiff made various advances on account of said loans, leaving a total in his favor of $8,177.15, nevertheless that allegation is rather ambiguous when it is considered that the thirteenth allegation avers that he demanded payment of "both loans" from the defendants. Notwithstanding this ambiguity, however, the complaint was not demurred to on that ground, or the issue raised in any other manner before the trial; but, as we have seen, the defendants objected to the question after the plaintiff had been allowed to testify that besides the amounts of the first two loans he made further advances to the defendants, thus permitting him to prove the existence of a third loan. The objection therefore comes too late and we can not hold that the ruling complained of was erroneous, especially since the answer admits that more than $8,000 was paid to the plaintiff, the inference being, in the absence of any counter-claim, that the credit given by the plaintiff was greater than the $6,500 contracted for in the two instruments.

The second error assigned is that the court admitted in evidence a promissory note made by Francisco Jiménez Lajara and Francisco Jiménez Díaz in favor of the defendant and indorsed by him to Emilio Alvarez, because payment thereof can not be required of defendants Rodríguez without first exhausting all remedies against the maker and principal.

In order to show that there was no such error it will suffice to point out that the promissory note was not offered in evidence at the trial for the purpose of recovering the amount thereof from the defendants, but to corroborate the

plaintiff's testimony that he had delivered to defendants Rodríguez more than the $6,500 contracted for in the loan agreements, for the said promissory note was given as security for the payment of the excess.

The third ground of error on which the appeal is based also refers to the admission of evidence and is alleged to consist of the admission of certain receipts and letters addressed to Manuel Alvarez & Co. and not to plaintiff Emilio Alvarez. In support of that assignment it is contended that the admission of such evidence was erroneous because it was sought to prove thereby that there was a third loan which was not set up in the complaint and because it refers to payments of money made by M. Alvarez & Co., and not by plaintiff Emilio Alvarez, to the defendant.

With regard to the first point, we need but refer to what we have said in connection with the first ground of appeal. As to the second, while the receipts were given by the defendant to M. Alvarez & Co., the defendant nevertheless testified that the amounts covered thereby were paid by plaintiff Emilio Alvarez, with whom he made the loan agreements, and not by M. Alvarez & Co., with whom he had no contract whatever and of whom Emilio Alvarez is an employee. Under such circumstances we cannot hold that the court committed the error assigned.

The last two errors assigned by the appellant refer to the weighing of the evidence as a whole, the appellants contending in the first place that it is insufficient to support the judgment against the defendants and, second, that it shows that the debt was paid in full.

The only argument of the appellants in support of the first contention is that only a debt of $6,500 was proved, because the twelfth allegation of the complaint contains nothing regarding any other credit, and that it is sought to attack the terms of the said contracts.

The appellee has never attempted to deny the stipula-

tions of the two written contracts, but merely undertook to prove, as he did, that besides the $6,500 to which they refer, he made other advances to Rodríguez for the same purpose, bringing the total to $8,177.15, for which judgment was rendered.

As to whether the evidence shows that the defendant discharged his total indebtedness, although it is true that Rodríguez sent to the warehouse of Alvarez the lots of tobacco specified in his answer to the complaint, it is not shown that the parties reached an agreement regarding the market price of the tobacco at the time of the delivery, as required by the loan agreements, and the fact that when Alvarez received the first lot of tobacco he told Rodríguez "that he might continue to send the tobacco, for he did not think there would be any disagreement as to price," shows not only that they had not agreed upon the price, but these words can not be interpreted to mean that the tobacco was sold to Alvarez at the time it was delivered. Not only do we find nothing to indicate that the tobacco delivered was sold, but Rodríguez himself testified that the tobacco in the warehouse of Alvarez belonged to him, and this he confirmed in his letter of May 25, 1917, stating that the prices proposed to him by Alvarez were not satisfactory. Therefore the appellants did not prove that they had paid their debt out of the proceeds of the sale of the tobacco, nor by the promissory note of Jiménez Lajara, for the note was not paid at its maturity.

For the foregoing reasons the judgment appealed from must be

*Affirmed.*

Chief Justice Hernández and Justices Wolf, del Toro and Hutchison concurred.